FILED
John E. Triplett, Acting Clerk
United States District Court

By casbell at 8:54 am, Aug 21, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

RICHARD D. WILLIAMS,

      Plaintiff,

      v.

CLINTON PERRY; TELFAIR STATE
PRISON; COFFEE COUNTY PRISON;
FLOYD COUNTY C.I.; and GDC/DOC,

      Defendants.

CIVIL ACTION NO.: 5:19-cv-32

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, as amended, asserting claims under 42 U.S.C. § 1983. Docs. 1, 5. Plaintiff has filed three Motions, which are currently pending: (1) "Order to Show Cause for (Emergency) Preliminary Injunction; and Motion of Supplemental Pleadings," doc. 16; (2) "Motion to Join Additional Defendants for Continuing Actions Against Plaintiff," doc. 17; and (3) "Motion to Proceed Case in the Following Manner(s)" [sic], ("Motion to Proceed"), doc. 18. For the reasons set forth below, I **RECOMMEND** the Court **DENY** Plaintiff's request for preliminary injunctive relief, doc. 16, and **DENY** the portion of Plaintiff's "Motion to Proceed" requesting summary judgment, doc. 18. Additionally, I **DENY without prejudice** Plaintiff's requests to supplement his complaint and join additional Defendants, docs. 16, 17, and **DENY** the portions of Plaintiff's Motion to Proceed concerning a pre-trial conference and default judgment, doc. 18. Finally, I **ORDER** Plaintiff to file a Second Amended Complaint within **14 days** of the date of this Order.

**BACKGROUND**

Plaintiff filed this action on April 29, 2019.  Doc. 1.  On May 3, 2019, the Court ordered Plaintiff to file an amended complaint due to several major deficiencies in his original Complaint.  Doc. 4.  Specifically, the Court noted Plaintiff failed to specify any individuals who allegedly violated his rights and many of Plaintiff's claims were unrelated to each other.  Id. at 4. The Court gave Plaintiff specific directives to follow regarding his amended complaint and warned him that failure to comply with the Court's Order could result in the dismissal of his cause of action.  Id. at 4–5.

On May 20, 2019, Plaintiff filed his Amended Complaint.  Doc. 5.  Plaintiff's Amended Complaint suffers from many of the same deficiencies as his original Complaint, including the unrelatedness of his claims.  Id.  Plaintiff's claims, as currently pleaded, appear to span three years (2016 to 2019) and concern "numerous injuries/damages/harm through multiple prisons/staffs gross negligence."  Docs. 5, 5-1.  Though it is difficult to sort out the specifics, Plaintiff attempts to assert claims related to various assaults and threats from other inmates, humiliation and harassment by guards, retaliation, missed meals, pepper spraying, tasering, deprivations of property, improper placement in administrative segregation, decreased phone access, and limited visitation, among other things.  Plaintiff claims these actions caused him physical injuries, emotional distress, psychological harm, financial harm, denial of parole, an exaggerated prison record, and an increased security level.  Plaintiff claims the various events giving rise to his claims occurred at five different Georgia Department of Corrections' facilities.

Since filing his Amended Complaint, Plaintiff has filed Motions seeking preliminary injunctive relief, doc. 16, supplementation of the Amended Complaint, doc. 16, the addition of parties, doc. 17, and a conference, default judgment, or summary judgment, doc. 18.  The Court

has not, at this time, conducted the required frivolity review or ordered service on any Defendant.

## DISCUSSION

**I.     Plaintiff's "Order to Show Cause for (Emergency) Preliminary Injunction; and Motion of Supplemental Pleadings," Doc. 16**

Plaintiff filed a Motion titled "Order to Show Cause for (Emergency) Preliminary Injunction; and Motion of Supplemental Pleadings."  Doc. 16.  In this Motion, Plaintiff makes two requests: (1) for the Court to issue a preliminary injunction requiring his custodians to take various actions; and (2) for the Court to allow Plaintiff to supplement his Complaint with allegations related to events that occurred after he filed his Amended Complaint.  The Court addresses each request in turn.

### A.     Request for Preliminary Injunction

Plaintiff moves for an injunction, ordering his custodians to place him into protective custody, suspend the "malicious" use of disciplinary reports against him, reinstate visitation privileges, and cease all injurious actions against him.  Doc. 16 at 1.  To be entitled to a preliminary injunction, Plaintiff must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005).

In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001).  If a plaintiff succeeds in making such a showing, then "the court may grant injunctive relief, but the relief must be no

3

broader than necessary to remedy the constitutional violation." Newman v. Alabama, 683 F.2d 1312, 1319 (11th Cir. 1982).  Accordingly, where there is a constitutional violation in the prison context, courts traditionally are reluctant to interfere with prison administration, unless there is a clear abuse of discretion.  See Procunier v. Martinez, 416 U.S. 396, 404–05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration [because] . . . courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."), *overruled on other grounds by* Thornburgh v. Abbott, 490 U.S. 401 (1989).  In such cases, "[d]eference to prison authorities is especially appropriate." Newman, 683 F.2d at 1320–21 (reversing district court's injunction requiring release of prisoners on probation because it "involved the court in the operation of the State's system of criminal justice to a greater extent than necessary" and a less intrusive equitable remedy was available).

Plaintiff has not shown he has satisfied the prerequisites in order to be entitled to injunctive relief at this time.  At this early stage, Plaintiff has not shown the requisite likelihood of success on the merits of his claims.  Indeed, Plaintiff fails to show that his vague and sprawling claims, whatever they may be, are likely to prevail or justify the award of injunctive relief.  Moreover, Plaintiff fails to show that injunctive relief is necessary to prevent irreparable injury.  This is not to say that Plaintiff will not eventually be able to obtain injunctive relief, merely that the Court will not interfere at this time on the facts before it.  Accordingly, I **RECOMMEND** the Court **DENY** Plaintiff's request for preliminary injunctive relief.  Doc. 16.

### B. Request to Supplement Complaint

Plaintiff asks to supplement his Amended Complaint to add additional causes of action and name Ware State Prison as a Defendant.  Id.  Specifically, Plaintiff seeks to add allegations concerning his release from administrative segregation in November 2019 and an altercation he

had with other inmates once he returned to general population.  Id.  Plaintiff states he requested protective custody after the altercation but was placed in segregated confinement.  Id.

Plaintiff seeks to supplement his Amended Complaint under Federal Rule of Civil Procedure 15(d).[1]  Federal Rule of Civil Procedure 15(d) allows a court, "[o]n motion and reasonable notice" and "on just terms, [to] permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).  The Rule "is intended to give the court broad discretion in allowing a supplemental pleading."  Fed. R. Civ. P. 15(d) advisory committee's note to 1963 amendment.  However, "'[a]s written . . . Rule 15(d) contains no standards at all to guide the district court's analysis; it merely authorizes the district court to permit service of a supplemental pleading on just terms.'"  W. Ala. Women's Ctr. v. Miller, 318 F.R.D. 143, 147 (M.D. Ala. 2016) (quoting United States ex rel. Gadbois v. PharMerica Corp., 809 F.3d 1, 7 (1st Cir. 2015)).

Courts have articulated a few general guidelines regarding requests to supplement under Rule 15(d).  First, "in keeping with the overarching flexibility of Rule 15, courts customarily have treated requests to supplement under Rule 15(d) liberally."  United States ex rel. Gadbois v. PharMerica Corp., 809 F.3d 1, 7 (1st Cir. 2015); see also United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla., 182 F. App'x 921, 925 (11th Cir. 2006) (noting a "policy of liberal amendments and supplements to the pleadings under Rule 15" and citing Harris v. Garner, 216 F.3d 970, 984 (11th Cir. 2000)).  While the Court's discretion is broad and should be exercised liberally, Rule 15(d) has limits.  Specifically, supplementation must be based on a "transaction, occurrence, or event that happened after the date of the pleading

---

[1] Plaintiff is not attempting to amend his Complaint under Rule 15(a).  Plaintiff seeks to supplement the claim with allegations related to events that occurred after he filed his Amended Complaint.

5

to be supplemented." Fed. R. Civ. P. 15(d). Some courts have concluded that the supplemental allegations must have "some relation" to the original complaint. W. Ala. Women's Ctr., 318 F.R.D. at 147 (citing Rowe v. U.S. Fid. & Guar. Co., 421 F.2d 937, 943 (4th Cir. 1970)). A court should also consider futility, prejudice, unreasonable delay, and efficiency associated with the requested supplement. Id. (citing Gadbois, 809 F.3d at 7). None of these factors are necessarily dispositive, so a court should "weigh the totality of circumstances." Id. Finally, a motion to supplement may be denied where the facts giving rise to the new allegations are "very recent" and "still evolving." Brennan v. Thomas, 780 F. App'x 813, 819 (11th Cir. 2019) (affirming denial of motion to supplement to allege facts related to ongoing course of medical treatment).

In light of these standards, the Court **DENIES without prejudice** Plaintiff's request to supplement his Amended Complaint, doc. 16. As explained below, Plaintiff's Amended Complaint did not comply with the Court's Order directing him to amend his initial Complaint. The Court is providing Plaintiff one final opportunity to amend his Complaint in compliance with the Court's directives, and, therefore, it is unnecessary to address Plaintiff's request to supplement at this time. Plaintiff may include the allegations and claims that he deems appropriate in his Second Amended Complaint, so long as the Second Amended Complaint complies with the Court's directives.[2]

---

[2] The Court notes Plaintiff's proposed supplement claims and allegations do not appear to be sufficiently related to his other claims. The allegations in the request to supplement take place months, sometimes even years, after the events detailed in Plaintiff's Amended Complaint. Compare Docs. 16, 17, with Doc. 5-1. Aside from some factual similarities—e.g., violent interactions with fellow inmates and Plaintiff's request for protective custody—the allegations in the request to supplement appear totally unrelated to the allegations in Plaintiff's Amended Complaint. Moreover, it is unclear which prison officials, if any, were involved in the underlying events described in the supplement. Finally, given the timing of the allegations and Plaintiff's request to supplement, it seems highly unlikely that he has exhausted his administrative remedies related to these claims. Regardless, Plaintiff may assert the claims he deems appropriate in his Second Amended Complaint.

## II.      Plaintiff's "Motion to Join Additional Defendants for Continuing Actions Against Plaintiff," Doc. 17

Plaintiff also filed a Motion titled "Motion to Join Additional Defendants for Continuing Actions Against Plaintiff." Doc. 17. In this Motion, Plaintiff seeks to join as Defendants Sergeant Bennett, along with Officers Clark, Henderson, Little, Waters, Cruise, Green, York, and King and two Officers named Miller. Id. at 1. Plaintiff states that, on November 20, 2019, he asked to be placed in protective custody. Id. Instead, prison staff placed him in a strip cell with no clothing and without his glasses. Id. Plaintiff says three officers opened the strip cell's window—which can only be opened from the outside—exposing him to the cold winter air. Id. Plaintiff began to suffer from hypothermia and had to exercise throughout the night to keep warm. Id. at 2. Plaintiff states he cannot identify which officers opened the cell window, as his glasses were removed, and he has poor eyesight. Id. Thus, it appears Plaintiff seeks to add new factual allegations, new claims, and new Defendants (all related to the November 20, 2019 incident). Accordingly, it appears Plaintiff is seeking to supplement under Rule 15(d) and join new Defendants under Rule 20.

The Court **DENIES without prejudice** Plaintiff's request to supplement his Amended Complaint and join additional Defendants, doc. 17. The Court is providing Plaintiff one final opportunity to amend his Complaint in compliance with the Court's directives, and, therefore, it is unnecessary to address Plaintiff's request to supplement and join additional Defendants at this time. Plaintiff may include the allegations and claims and may name Defendants he deems appropriate in his Second Amended Complaint, so long as the Second Amended Complaint complies with the Court's directives.

### III. Plaintiff's "Motion to Proceed Case in the Following Manner(s) [sic]," Doc. 18

Plaintiff filed a Motion to Proceed Case in the Following Manner ("Motion to Proceed"). Doc. 18. In this Motion, Plaintiff moves to set a pretrial conference, or in the alternative, moves for default judgment under Federal Rule of Civil Procedure 55 or summary judgment under Federal Rule of Civil Procedure 56.[3] Id. The Court has not yet conducted the requisite frivolity review, no Defendant has yet been served, nor has discovery begun. The Court lacks personal jurisdiction over the Defendants until service is effectuated and, thus, lacks the authority to issue a binding judgment against them. See Hall v. Deutsche Bank Nat'l Tr. Co., No. 1:11-cv-02524, 2012 WL 13009212, at *2 (N.D. Ga. Feb. 17, 2012) ("Without proper service of process, a district court lacks personal jurisdiction over a defendant."). Thus, any request for summary judgment is premature. Similarly, it is premature to ask for a pretrial conference at this time. And a default judgment is not warranted because, as Defendants have not been served, it is impossible that Defendants "failed to plead or otherwise defend" themselves. Fed. R. Civ. P. 12(a)(1); Fed. R. Civ. P. 55(a). Accordingly, I **RECOMMEND** the Court **DENY** the portion of Plaintiff's Motion seeking summary judgment, and I **DENY** the portions of Plaintiff's Motion to Proceed concerning a pre-rial conference and default judgment. Doc. 18.

### IV. Plaintiff's Amended Complaint, Docs. 5, 5-1

Plaintiff filed an initial Complaint and failed to specify any individuals who allegedly violated his rights. Docs. 1, 4. Plaintiff was directed to file an Amended Complaint in accordance with several express directives. Doc. 4 at 5 (setting forth particular directives for Plaintiff to follow in amending his Complaint). Plaintiff made some effort to comply with the Court's directives and filed his Amended Complaint within the timeline set forth by the Court.

---

[3] Plaintiff's request for summary judgment is unclear, though he appears to ask the Court to enter summary judgment in his favor after conducting an evidentiary hearing.

Doc. 5.  However, Plaintiff's Amended Complaint still suffers from fundamental defects, and it fails to comply with the Court's directives.  Specifically, Plaintiff's Amended Complaint fails to clearly identify each defendant responsible for each violation and it appears to improperly join claims and Defendants.  Plaintiff's Amended Complaint contains a vague narrative concerning various hardships he allegedly suffered over the course of several years, at five different institutions, and at the hands of named and unnamed prison employees.  Plaintiff's Amended Complaint fails to provide adequate notice as to what claims Plaintiff intends to assert, against whom the claims are asserted, the harm Plaintiff allegedly suffered from the purported wrongs, and the relief Plaintiff seeks.

Because Plaintiff made a good faith effort to comply with the Court's directives but failed to do so, the Court will allow Plaintiff one final opportunity to amend his Complaint to cure the above-described fundamental defects.  Accordingly, the Court **ORDERS** Plaintiff to file a "Second Amended Complaint" within 14 days of this Order.  Plaintiff must follow these directives in preparing his Second Amended Complaint.

The Court also **DIRECTS** Plaintiff to:

(1)   draft his Second Amended Complaint on the complaint form provided by the Clerk of Court;

(2)   clearly caption it as "Second Amended Complaint" and place the civil action number of this case on the first page of the form;

(3)   add no more than 10 pages to the form;

(4)   write legibly and only on one side of each page;

(5)   provide the name of any intended defendant or provide sufficient details to describe any intended defendant;

(6)   provide only factual allegations concerning events where the rights of Plaintiff himself were violated or Plaintiff himself was injured, including the date and location of each alleged violation;

9

    (7)    clearly identify each defendant responsible for each alleged violation;

    (8)    omit all legal argument or conclusions;

    (9)    provide complete information on the administrative relief Plaintiff has pursued, including whether he has filed any grievance on the claims he asserts in this action, the outcome of any grievance, and whether Plaintiff filed any appeal regarding any grievance; and

    (10)    provide detailed information on all prisoner civil actions Plaintiff has filed.

If certain requirements are met, the Federal Rules of Civil Procedure allow for "joinder" of claims and parties in a single action. A plaintiff may join multiple claims in a single action if the claims are all against a single defendant. Fed. R. Civ. P. 18(a). Additionally, a plaintiff may also join multiple defendants in a single action if the claims against those defendants arise from the same events or there is a common question of fact or law as to all defendants. Fed. R. Civ. P. 20(a)(2). But, typically, a plaintiff cannot join multiple defendants in a single action if the claims against the defendants are unrelated and there is no common question. Id. Plaintiff is advised to consider these rules when joining claims or defendants in his Second Amended Complaint.

Plaintiff's failure to file an appropriate Second Amended Complaint could result in the dismissal of his cause of action for failure to follow this Court's Order.

Because the Court is providing Plaintiff a final opportunity to amend his Amended Complaint, the Court **DEFERS** frivolity review until such an Amended Complaint is filed.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DENY** Plaintiff's request for preliminary injunctive relief, doc. 16, and **DENY** the portion of Plaintiff's "Motion to Proceed" requesting summary judgment, doc. 18. Additionally, I **DENY without prejudice**

Plaintiff's requests to supplement his complaint and join additional Defendants, docs. 16, 17, and **DENY** the portions of Plaintiff's Motion to Proceed concerning a pre-trial conference and default judgment, doc. 18. Finally, I **ORDER** Plaintiff to file a Second Amended Complaint within **14 days** of the date of this Order.

Any party seeking to object to this Report and Recommendation is instructed to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. See 28 U.S.C. § 636(b); Federal Rule of Civil Procedure 72(b)(2). Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in objections. The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 21st day of August, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA