FILED
John E. Triplett, Acting Clerk
United States District Court

By casbell at 2:05 pm, Sep 22, 2020

# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| RICHARD D. WILLIAMS, | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 5:19-cv-32 |
| v. | * | |
| CLINTON PERRY; TELFAIR STATE PRISON; COFFEE COUNTY PRISON; FLOYD COUNTY C.I.; and GDC/DOC, | * | |
| Defendants. | * | |

## ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation and Plaintiff's failure to follow a Court Order.  Dkt. Nos. 24, 25.  Based on the following, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** Plaintiff's request for preliminary injunctive relief and the portion of Plaintiff's "Motion to Proceed" seeking summary judgment.  Dkt. Nos. 16, 18.  Additionally, the Court **DISMISSES without prejudice** Plaintiff's Complaint based on his failure to follow a Court Order, **DENIES as moot** all other pending Motions, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENIES** Plaintiff *in forma pauperis* status on appeal.

## DISCUSSION

I. **The Magistrate Judge's Report and Recommendation**

The Court has conducted an independent and de novo review of the entire record and concurs with the Magistrate Judge's Report and Recommendation. Dkt. No. 25. Plaintiff did not file Objections to the Report and Recommendation. Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. The Court **DENIES** Plaintiff's request for preliminary injunctive relief and **DENIES** the portion of Plaintiff's "Motion to Proceed" seeking summary judgment. Dkt. Nos. 16, 18.

II. **Plaintiff's Failure to Follow a Court Order**

Additionally, the Magistrate Judge ordered Plaintiff to file a Second Amended Complaint within 14 days of the August 21, 2020 Order. Dkt. No. 24. The Magistrate Judge noted Plaintiff attempted to comply with his previous Order to file a proper Amended Complaint and provided Plaintiff with another opportunity to do so and specific instructions as to what his Second Amended Complaint should contain. Id. at pp. 8-10. The Magistrate Judge warned Plaintiff his "failure to file an appropriate Second Amended Complaint could result in the dismissal of his cause of action for failure to follow this Court's Order." Id. at p. 10. This Order was not returned to the Court as undeliverable or as otherwise failing to reach

Plaintiff.  However, Plaintiff did not file a Second Amended Complaint within 14 days, as instructed.

A district court may dismiss a plaintiff's claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket.  Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[1] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, sua sponte . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)).  Additionally, a district court's "power to dismiss is an inherent aspect of its

---

[1] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. Nonetheless, in the case at hand, the Court advised Plaintiff his failure to follow this Court's Order would result in the dismissal of his cause of action. Dkt. No. 24, p. 10.

3

authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625-26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802-03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute § 1983 complaint where plaintiff did not respond to court order to

supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620-21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying or seeking an extension of time to comply with court's order to file second amended complaint); Brown, 205 F. App'x at 802-03 (upholding dismissal without prejudice for failure to prosecute § 1983 claims where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

With Plaintiff having failed to follow this Court's Order, the Court cannot move forward with this case. Moreover, Plaintiff was given notice of the consequences of his failure to follow the Court's Order. Thus, the Court **DISMISSES without prejudice** Plaintiff's Complaint, as amended, for failure to follow this Court's Order and **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

### III. Leave to Appeal *in Forma Pauperis*

Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address that issue in this Order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice

5

of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's failure to follow this Court's Order, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court **DENIES** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

The Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** Plaintiff's request for preliminary

injunctive relief and the portion of Plaintiff's "Motion to Proceed" seeking summary judgment. Dkt. Nos. 16, 18. Additionally, the Court **DISMISSES without prejudice** Plaintiff's Complaint based on his failure to follow a Court Order, **DENIES as moot** all other pending Motions, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENIES** Plaintiff *in forma pauperis* status on appeal.

SO ORDERED, this 22 day of September, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA